# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW LARSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>3 RIVERS BILLING, INC.,<br><br>    Defendant. | Case No.: 19-cv-1845<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Andrew Larsen is an individual who resides in the Eastern District of Wisconsin (Walworth County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes, namely a medical debt.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt Defendants sought to collect from Plaintiff was incurred as a result of a consumer transaction.

6. Defendant 3 Rivers Billing, Inc. ("3 Rivers") is a foreign business corporation with its primary offices located at 187 North 1st Street, Suite 1, La Crescent, Minnesota 55947.

7. 3 Rivers does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as Christine Roraff, W62N244 Washington Avenue, # 204, Cedarburg, WI 53012.

8. 3 Rivers is licensed as a "Collection Agency" under Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-BKG 74.

9. 3 Rivers is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. 3 Rivers is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

11. 3 Rivers is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

**FACTS**

12. Plaintiff allegedly entered into a consumer transaction with "CITY OF MEQUON" ("CM") on or around August 7, 2018, for ambulance transportation and associated medical services.

13. Specifically, the charges were incurred when CM was called to assist Plaintiff.

2

14. On or around January 3, 2019, 3 Rivers mailed a debt collection letter to Plaintiff regarding the alleged debt, allegedly owed to LLFD. A copy of this letter is attached to this complaint as Exhibit A.

15. Upon information and belief, the alleged debt listed in Exhibit A was incurred as the result of a transaction for personal medical in which payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'"). By its nature, ambulance transportation is almost always, if not always, billed days or weeks after the services are provided.

16. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

17. Upon information and belief, Exhibit A is a form debt collection letter, used by 3 Rivers to attempt to collect alleged debts.

18. Upon information and belief, Exhibit A is the first written communication 3 Rivers mailed to Plaintiff regarding this alleged debt.

19. When 3 Rivers mailed Exhibit A, the debt was in default. 3 Rivers sent Exhibit A to Plaintiff approximately four months after the ambulance services were provided. Moreover Exhibit A states:

> **This account is past due! This is the second invoice for ambulance service provided to you. Please send your payment immediately, or contact our office to make payment arrangements.**

Exhibit A.

3

Case 2:19-cv-01845-NJ   Filed 12/17/19   Page 3 of 14   Document 1

20. <u>Exhibit A</u> includes a statement which largely reflects the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> We represent the above creditor in the collection of your indebtedness owed to the creditor. If you dispute the validity of the debt or any portion thereof, you should notify us within thirty(30) days after receipt of this letter or the debt will be assumed to be valid. If we are so notified in writing, we will obtain verification of the debt and a copy of such verification will be mailed to you. Upon your written request within the thirty(30) day period, we will provide you with the name and address of the original creditor, if different from the current creditor. The collection of this debt will, however, proceed in the absence of immediate full payment of this debt to our office.
>
> Thank You.
>
> 3 Rivers Billing, Inc  1-800-829-5703

21. The validation notice is printed in light grey ink on the reverse side of <u>Exhibit A</u>.

22. Additionally, there is no indication on the front page of the letter calling the consumers attention to the validation notice printed on the reverse side of the letter.

23. Where a debt collector prints the validation notice on the reverse side of a debt collection letter, they must include a statement directing the consumers attention to this required disclosure. *See, e.g., Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991) ("a validation notice printed on the back of a form letter where the front of the letter contains no reference at all to the notice does not comply with § 1692g.")

24. Furthermore, immediately after the disclosure statements required by 15 U.S.C. § 1692g, the paragraph containing the disclosures required by 15 U.S.C. § 1692g includes the statement "The collection of this debt will, however, proceed in the absence of immediate full payment of the debt to our office."

4

25. If a consumer disputes a debt in writing however, pursuant to 15 U.S.C. § 1692g(b), a debt collector is required to cease collection activities until it has provided the consumer with verification of the debt.

26. The statement that "The collection of this debt will, however, proceed in the absence of immediate full payment of the debt to our office" thus overshadows the validation notice.

27. The statement "The collection of this debt will, however, proceed in the absence of immediate full payment of the debt to our office." is also false, deceptive, and misleading as to the consumers rights to obtain verification.

28. Lastly, the statement "The collection of this debt will, however, proceed in the absence of immediate full payment of the debt to our office" threatens to take an action that 3 Rivers cannot legally take, i.e. continue to attempt to collect the alleged debt after receiving a dispute without providing the consumer with verification.

29. Moreover, on the face of Exhibit A, it is unclear of whether the letter is a collection letter from a third-party debt collector or an invoice from the original creditor.

30. The header of Exhibit A conspicuously reads "CITY OF MEQUON," but does not include any reference to 3 Rivers.

31. The header also lists the address of a P.O. box as well as two telephone numbers, which, upon information and belief, are actually associated with 3 Rivers and not the City of Mequon

32. Additionally, Exhibit A refers to the date of the letter as the "INVOICE DATE."

33. By appearing to be an invoice from the original creditor, Exhibit A is deceptive and misleading as to the identity of the entity sending the correspondence to the consumer.

5

34. By obscuring the identity of the entity sending the correspondence, Exhibit A further overshadows the validation notice by encouraging the consumer to contact the original creditor with disputes rather than 3 Rivers.

35. Plaintiff was deceived, misled, and confused by Exhibit A.

36. The unsophisticated consumer would be deceived, misled, and confused by Exhibit A.

### *The FDCPA*

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'"), *quoting Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices,

6

'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

39. Plaintiffs who allege that debt collectors engaged in misrepresentations in their dunning letters have standing, as such misrepresentations risk injury to interests expressly

7

protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

40. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. 15 U.S.C. § 1692e(5) specifically prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

42. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

43. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

44. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

8

> (1) the amount of the debt;

45. 15 U.S.C. § 1692g(b) states, in part:

> (b) **Disputed debts**
> …
> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

### *The WCA*

46. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

47. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

48. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

49. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

9

50. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

51. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

52. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

53. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

54. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

55. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …." Wis. Admin.

Code § DFI-Bkg 74.16(9) defines such "other conduct" as "including conduct which violates the Federal Fair Debt Collection Practices Act."

56. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

57. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

58. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## COUNT I – FDCPA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. The validation notice included in <u>Exhibit A</u> is printed on the reverse side of the letter, and there is no reference at all to the notice on the front page. *See, e.g., Carbajal v. Capital One, F.S.B.*, 2003 U.S. Dist. LEXIS 20065, at *6 (N.D. Ill. Nov. 10, 2003) ("The statute does not require that the validation notice be placed on the front of the collector's initial letter. If the notice is on the back of the letter, however, there must be a prominent reference to it on the front, which must advise the debtor, at a minimum, that there is 'important information' on the reverse side of the letter.") (citations omitted); *Ost v. Collection Bureau, Inc.*, 493 F. Supp. 701, 702 (D.N.D. 1980) ("Without some clearly visible reference to the statutorily mandated language on the reverse

11

Case 2:19-cv-01845-NJ    Filed 12/17/19    Page 11 of 14    Document 1

side of the form, the consumer is not put on notice of his right to challenge the validity of the debt ….").

61. Additionally, the validation notice in Exhibit A is printed in light grey ink, which makes in less conspicuous and difficult to read.

62. Defendant violated 15 U.S.C. §§ 1692g(a), 1692g(b), and 1692f.

## COUNT II – FDCPA

63. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64. Immediately beneath the validation notice, Exhibit A states "The collection of this debt will, however, proceed in the absence of immediate full payment of the debt to our office."

65. Exhibit A contradicts and overshadows the information in the validation notice because, if the consumer notifies the debt collector in writing that the debt or any portion thereof is disputed, the debt collector is required to cease all collection activity pending verification of the debt.

66. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g(a)(4), 1692g(a)(5), 1692g(b), and 1692f.

## CLASS ALLEGATIONS

67. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between December 17, 2018 and December 17, 2019, inclusive, (e) that was not returned by the postal service.

68.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

69.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether the Defendant complied with the FDCPA.

70.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

71.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

72.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

73.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  December 17, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com